McIntire vs. Gettings.

## McIntire, *vs.* Gettings.

APPEAL FROM WASHINGTON COUNTY COURT.

1. The reports of processioners, made upon due notice to persons interested, are not subject to any exception by any person interested, but with the evidence taken, is to be returned to the County Court and recorded by the clerk, and, (*Revised Statutes, chapter LX, section* 9, *page* 449,) without any adjudication by the County Court.

2. No appeal lies from an order of the County Court adjudicating upon exceptions to reports of processioners. The court has no power to reject or confirm the report of the processioners.

McINTIRE
vs.
GETTINGS

Gettings caused the processioners of the county of Washington to go upon his land, procession it, and make their report to the County Court. McIntire appeared in court upon the return of the report of the processioners, and filed exceptions to the report, seeking to contest its correctness and asked the court to adjudicate upon the sufficiency of his exceptions. The court declined to adjudicate upon the exceptions, and McIntire has brought the case to this court by appeal.

Case stated.

*R. J. Browne*, for appellant—

This proceeding was instituted under the Revised Statutes. The case presents but a question of law— has the County Court the power to hear and adjudicate upon exceptions to reports of processioners of lands? If it has, then the judgment in this case must be reversed.

The 2d paragraph of the 3d section of the Revised Statutes, title "Processioning of Lands," page 449, is in these words: "The processioners shall report to the County Court the lands they have processioned, the lands of the persons it adjoins, and what alteration of corner trees, posts, or stones have been made or added." The 9th section, same title, page 451, says: "The report of the processioners, the plats and certificates of the surveyor, notices, affidavits, and depositions taken by the processioners shall, when returned to the County Court, be recorded in a book kept for that purpose, and filed away and carefully kept by the clerk, &c." The other sections of this title prescribe the duties, &c., of the processioners, surveyors, and owners of land, except the 1st section, which does away with special processioners. Do the sections above quoted give to the County Court power to adjudicate upon exceptions to the reports of processioners?

McIntire
vs.
Gettings.

It is contended by us that when a court has any subject brought before it judicially, that it is a power inherent in the court to dispose of all questions that may arise in relation to that subject. That the report in this case being, by law, required to be made to the County Court before it is recorded, the power of the court to adjudicate upon questions of law or fact, raised on the report necessarily results from that fact. Under the act of 1796, (2 *Stat. Law*, 1097,) the standing processioners were required to report to court, and this court, in the case of *Miller vs. Patrick, &c.* 7 *Monroe*, 361, expressly decided that in acting upon reports of standing processioners the court acted *judicially*. Furthermore, as the law always was, the court acted upon the report of standing processioners and acted judicially. The special processioners reported to the clerk. They are abolished, and that is the only change made in the law by the Revised Statutes. If the Legislature did not intend that the court should have power to pass upon exceptions to such reports, why did it require the reports to be returned to *court?* Why did it not require them to be returned to the *clerk,* and thereby save the cost and delay of their passing through court? But it is said that if it was intended the court should hear exceptions, the manner would have been prescribed by the statute. Whenever an act gives the court the power to do an act, and does not prescribe the manner, it must be done according to the rules of the common law. (*Litt. Selected Cases*, 195.) And doubtless that was the reason why no particular mode was laid down. We contend that it was the duty of the court to have adjudicated upon the exceptions. It is in accordance with principle and analogy that it should. The act of 1803, (1 *Stat. Law*, 576–7,) providing for the appointment of commissioners to allot dower, after prescribing the duties of the commissioners in the county, concludes thus: "Which, (referring to their report,) shall be recorded in court." Under this act the courts have uni-

formly exercised the right to adjudicate upon excep-
tions to commissioners' reports allotting dower. (4
*Bibb*, 462; 7 *J. J. Marshall*, 637.) This statute con-
tains nothing requiring the report to be returned to
court, while the sections of the Revised Statutes re-
ferred to above do require the report to be returned
to *court:* therefore it is contended that upon princi-
ple and by analogy the Revised Statutes do give the
County Court power to hear and adjudicate upon ex-
ceptions to reports made by processioners. If these
views are right, a reversal must follow, as it is be-
lieved the exceptions filed by McIntire are such that
requires that it should be quashed; and as in the pres-
ent attitude of the case they are to be regarded as
true.

*Hardin & Thurman*, for appellee—

The refusal of the court to adjudicate upon the ex-
ceptions to the report of the processioners, presents
the main question in this case.

It is not conceded that the grounds of exception
are sufficient as assigned, if the court had jurisdiction
to determine them. But it is respectfully contended
that the court rightly refused to adjudicate further
than to order it to record as directed by section 9,
chapter 60, of the Revised Statutes. That section
does not provide, nor does any other part of the
chapter, that the court shall approve the report, but
only directs that the report, when returned, shall be
recorded in a book kept for that purpose. In this,
section 9 corresponds with the 1st section of the
act of 1796, (*Stat. Law*, 1097,) but materially changes
that act so far as the court was to "approve the re-
port" of standing processioners "and order to re-
cord."

In the case of *Miller vs. Patrick, &c.* 7 *Monroe*,
659, this court decided as to reports of special pro-
cessioners, under the 1st section of the act of 1796,
that the County Court could not adjudicate upon ex-
ceptions to the report, because the section did not di-

McINTIRE
vs.
GETTING.

rect it; but that it could so adjudicate under the 5th section of the act on reports made under that section, as it was expressly authorized in these words: "And it being approved by the court, &c." It seems to us that no such power is given by the Revised Statutes, and that the court decided correctly, and its order should be affirmed.

*James Harlan*, on the same side—

The statute concerning processioning of land will be found in *Stat. Laws*, 1097–1102.

The 1st section of the act of 1796, page 1097, authorized the appointment of special commissioners, who were authorized to take testimony orally or by deposition, make their report to the clerk of the County Court, whose duty it was to record it. The 2d section authorized the opposite party to take depositions to disprove the statements in the depositions of the other party. The 5th section directs the County Courts to lay off their counties into districts, and appoint one or more processioners in each district, who, or any two, might go around and re-mark the lines of surveys, &c., whose reports were to be returned to the clerk, *and when approved by the court to be recorded.*

The act of 1815 also authorized special commissioners to be appointed, who, with the surveyor of the county, were to go around the lines and re-mark, return report, &c. These acts have been expounded by this court in *Miller vs. Patrick, &c.* 7 *Monroe*, 360; 2 *Dig. Dec. C. A.* 613.

The whole subject has been revised by the revisors. (*See Revised Statutes*, 449.) All laws authorizing the appointment of special commissioners for processioning are repealed, and standing commisers are to be appointed by the County Court, who, with the surveyor of the county, are to go around the lands, re-mark, set up new corners, &c. The report is to be returned to the court and recorded. (*See sectin* 9, *page* 455, *Revised Statutes*.) No provision is

made for any approval by the court as in section 5 of the act of 1796, page 1097.

No appeal lies to this court under the Code of Practice, *sections* 15 *and* 16. The court is referred to section 20 as to the appellate jurisdiction of the Circuit Court.

I contend—1. That the proper construction of the 9th section of the Revised Statutes, page 451, is that no controversy was intended to be allowed in the County Court. 2. If it did, the complaining party cannot come directly to this court.

Judge CRENSHAW delivered the opinion of the Court—

The proceedings in this case were had since the adoption of the Revised Statutes, and must be governed by their provisions. And the 9th section of chapter LX, page 449, upon the subject of processioning of lands, provides that: "The reports of processioners, the plats and certificates of the surveyor, notices and affidavits, and depositions taken by the processioners, shall, when returned to the County Court, be recorded in a book kept for that purpose, and filed away and carefully kept by the clerk, and shall be *prima facie* evidence against and between the parties interested, and others claiming through or under them."

. This provision, in our opinion, contemplates no adjudication upon the report or exceptions thereto, for it expressly directs that the proceedings *shall* be recorded in a book kept for that purpose. This direction is incompatible with a judicial power to decide upon, and either reject or confirm, the report. The direction is imperative, that the report, &c. *shall* be recorded, &c. .

Each party interested has an equal opportunity to take his proof before the processioners, which is to be reported and filed away, and all the evidence upon the subject of boundary which either thinks proper to produce is to be preserved among the files of the court. No advantage is given to one party

---

McINTIRE
*vs.*
GETTINGS.

December 30.

1. The reports of processioners, made upon due notice to persons interested, are not subject to any exception by any person interested, but with the evidence taken, is to be returned to the County Court and recorded by the clerk, &c., (*Revised Statutes, chapter LX, section* 9, *page* 449,) without any adjudication by the County Court.

2. No appeal lies from an order of the County Court adjudicating upon exceptions to reports of processioners. The court has no power to reject or confirm the report of the processioners.

THOMAS' EX'OR *vs.* THOMAS. over another, but all who are interested are placed upon the same footing.

The provision, as we have construed it, better comports with good policy than if the law had conferred upon the County Courts the power to investigate and decide upon the the merits of the report.

As the County Court did not, nor can, adjudicate upon the subject, no appeal lies to this court upon its refusal to decide upon the exceptions to the report.

Wherefore, the appeal is dismissed.